## R. T. YOUNG & CORNELIUS v. H. WOODWARD.

**Evidence—Principal and Agent—Competency of Agent as Witness.**

W. D. Dempsy was agent of Woodward to purchase tobacco for the market, and as such agent employed one Williams to make all purchases, which was done in the name of Dempsey, who took all obligations for delivery of the tobacco in the name of Dempsey. Afterwards, while Dempsey was still the agent of Woodward, and before the delivery of any of the tobacco or payment therefor, Dempsey told plaintiffs, who sold the tobacco, that all purchases were made for Woodward, that the tobacco would belong to Woodward who would make payment therefor. **Held,** that this evidence would be competent to establish who was the real purchaser and who was responsible therefor.

**Same.**

The contract for the purchase being in the name of Dempsey, agent of appellee, without disclosing his agency, or the name of his principal, would render Dempsey personally responsible, but could not exempt his principal from liability.

APPEAL FROM LOGAN CIRCUIT COURT.

June 26, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

It was established that W. D. Dempsy was the agent of appellee

to purchase and put up tobacco for market, at Hundon near Valney's Depot in Logan county, and that he employed Williams to make purchases and that the latter in Dempsy's name purchased of appellants about 18,000 pounds and took appellants' written obligation to deliver at the place and time and for the price therein named, dated March 16, 1865, and that afterwards whilst Dempsy was still acting as the agent of appellee and before the delivering or time of delivery, in talking about said tobacco and its delivery and the payment therefor between appellants and Dempsy he told plaintiffs that the tobacco was purchased for appellee and it was his tobacco, and he would pay for it on delivery, all this evidence was competent, not only as establishing the sale but as to who was the real purchaser, and responsible therefor; the contract being in the name of Dempsy, who was appellees agent, without disclosing his agency or the name of his principal, might render Dempsy personally responsible but could not exempt his principal from responsibility.

The court erred in withdrawing this evidence from the jury, wherefore the judgment is reversed and the cause remanded for a new trial and further proceedings consistent herewith.

*Underwood, for appellant.*